UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CONRAD CESAR NEVAREZ,<br><br>                Plaintiff,<br><br>   v.<br><br>IDAHO DEPARTMENT OF CORRECTION,<br><br>                Defendant. | Case No. 1:23-cv-00276-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Conrad Cesar Nevarez's Complaint as a result of Plaintiff's status as an inmate. The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case without prejudice.

1. **Pleading Standards and Screening Requirement**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under modern pleading standards, Rule 8 requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal/Twombly* "facial plausibility" standard is met when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than ... unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted).

If the facts pleaded are "merely consistent with a defendant's liability," or if there is an "obvious alternative explanation" that would not result in liability, the complaint has not stated a claim for relief that is plausible on its face. *Id.* at 678, 682 (internal quotation marks omitted). Bare allegations that amount to a mere restatement of the elements of a cause of action, without adequate factual support, are not enough.

The Prison Litigation Reform Act ("PLRA")[1] requires that the Court review complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity, as well as complaints filed in forma pauperis, to determine whether summary dismissal is appropriate. 28 U.S.C.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

§ 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. *Id*.

The Court also must dismiss claims that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. *Id*. These last two categories—together with claims that fall outside a federal court's narrow grant of jurisdiction—encompass those claims that might, or might not, have factual support but nevertheless are barred by a well-established legal rule.

The Court liberally construes the pleadings to determine whether a case should be dismissed for a failure to plead sufficient facts to support a cognizable legal theory or for the absence of a cognizable legal theory. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable factual *and* legal basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989) (discussing Federal Rule of Civil Procedure 12(b)(6)), *superseded by statute on other grounds as stated in Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (stating that Rule 12(b)(6) authority to dismiss claims was expanded by the PLRA, giving courts power to dismiss deficient claims, sua sponte, before or after opportunity to amend). Moreover, even if a complaint meets the pleading requirements, dismissal under § 1915A is still appropriate if an affirmative defense is an "obvious bar to securing relief on the face of the complaint." *Washington v.*

*Los Angeles Cty. Sheriff's Dep't*, 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

A court is not required to comb through a plaintiff's exhibits or other filings to determine if the complaint states a plausible claim. Therefore, in its review under § 1915A, the Court considers only the Complaint found at Docket No. 3, not the affidavits or other documents attached to the Complaint. *See* General Order 342, *In Re: Procedural Rules for Prisoner Civil Case Filings and for Prisoner E-Filing Program*, § A(1)(b)-(c) ("No exhibits may be attached to a complaint or any type of amended complaint, except those showing exhaustion of administrative remedies[,] [and] [n]o affidavits may be attached to a complaint or any type of amended complaint.").

**2.    Discussion**

Plaintiff is a prisoner in the custody of the Idaho Department of Correction ("IDOC"), currently incarcerated at the Idaho State Correctional Institution. Plaintiff sues the IDOC and asserts numerous claims, including claims under 42 U.S.C. § 1983, the federal civil rights statute. *See Compl.*, Dkt. 3, at 1.

However, the Eleventh Amendment prohibits a federal court from entertaining a suit brought by a citizen against a state or state entity. *Hans v. Louisiana*, 134 U.S. 1, 16-18 (1890). The Supreme Court has consistently applied the Eleventh Amendment's jurisdictional bar to state entities "regardless of the

nature of the relief sought." *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). As a state entity, the IDOC cannot be sued in federal court. Therefore, the Complaint does not state a plausible claim for relief.

**3.     Opportunity to Amend**

The Court now considers whether to allow Plaintiff an opportunity to amend the Complaint. Amendments to pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure. That rule states that the Court "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has explained the reasoning behind allowing the opportunity to amend:

> In exercising its discretion with regard to the amendment of pleadings, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities. This court has noted on several occasions that the Supreme Court has instructed the lower federal courts to heed carefully the command of Rule 15(a) ... by freely granting leave to amend when justice so requires. Thus Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality.

*Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (internal citations, quotation marks, and alterations omitted). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.," it is appropriate for a court to grant leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

This liberal amendment policy is even more important with respect to pro se plaintiffs, who generally lack legal training. Courts must liberally construe civil rights actions filed by pro se litigants so as not to close the courthouse doors to those truly in need of relief. *Eldridge*, 832 F.2d at 1135, 1137. A pro se litigant bringing a civil rights suit must have an opportunity to amend the complaint to overcome deficiencies unless it is clear that those deficiencies cannot be overcome by amendment. *Id.* at 1135–36. Although several factors contribute to the analysis of whether a plaintiff should be allowed an opportunity to amend, futility alone can justify denying such an opportunity. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The Court concludes that amendment in this case would be futile. Plaintiff's claims are barred not because Plaintiff has failed to allege sufficient facts—a deficiency that could be cured by amendment—but because it is clear from the face of the Complaint that the only named Defendant is immune from suit. Therefore, the Court will dismiss the Complaint without leave to amend. This Order does not prohibit Plaintiff from reasserting his claims against the IDOC in state court.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Complaint is DISMISSED without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

2. Plaintiff's Motion for Class Certification, Motion for Constitutional Challenge, and Motion to Appoint Counsel (Dkts. 3-4, 3-8, and 4) are DENIED.

3. Plaintiff's Application to Proceed in Forma Pauperis (Dkt. 1) is DENIED AS MOOT.

DATED: June 30, 2023

B. Lynn Winmill
U.S. District Court Judge